METROPOLITAN LUMBER COMPANY, A CORPORATION OF NEW JERSEY, CLAIMANT, RESPONDENT, v. FREDER-ICK W. MULLER, BUILDER AND OWNER, APPELLANT.

Submitted March 25, 1925—Decided May 18, 1925.

On appeal from the Bergen County Circuit Court.

This was a suit on a mechanics' lien claim in the Bergen County Circuit Court. The defendant, in his answer, denied the claim of the plaintiff, and filed a counter-claim in which it was set forth that at the time of the execution of a certain agreement between one Conboy and the plaintiff, it, the company, assumed and agreed to pay certain debts due and owing by Conboy to others, which were specifically set forth

in a schedule attached to the agreement, among which was a debt to the defendant in the sum of $134.08. The plaintiff sued defendant for $514.20 for materials furnished and delivered by it, the company, to defendant at the place mentioned in the lien claim, where he, defendant, was constructing buildings. The only question in dispute was whether under the terms of the contract between Conboy and the lumber company the defendant could set-off $485.46 actually due from Conboy to him, or only the $134.08, the amount stated in the schedule to the agreement. The case came on to be heard without a jury before Judge Smith, who filed the following opinion:

"The question involved in this case is whether or not the defendant and counter-claimant can recover from the plaintiff, on his counter-claim, the amount actually due to him from John T. A. Conboy instead of being limited in his recovery on his counter-claim to the amount stated to be due to him from John T. A. Conboy in a schedule attached to an agreement wherein and whereby the plaintiff assumed certain obligations of John T. A. Conboy.

"The counter-claimant bases his right upon a contract made for his benefit, but not made with him. He is not a party to the contract, and I do not think he can assert any greater rights under the contract than the party with whom he made the contract can, *i. e.,* clearly the plaintiff entered into the agreement upon the express understanding that the debt due to the counter-claimant was the amount stated on the schedule, and the plaintiff can be held for no greater amount. The remedy here asserted is not one under the Bulk Sales act.

"I will therefore enter judgment in favor of the plaintiff and against the defendant for the amount agreed upon as it is claimed, less the sum of $134.08."

For the appellant, *Maley & Maley.*

For the respondent, *Winne & Banta.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed by Judge Smith in the Circuit Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ.   16.

*For reversal*—None.